UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sulaiman M. Songa,

Plaintiff,

v.

County of Hennepin, Minnesota,

Defendant.

Case No. 17-cv-5175 (WMW/TNL)

**ORDER ADOPTING AS MODIFIED REPORT AND RECOMMENDATION**

This matter is before the Court on the April 30, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel, (Dkt. 27), which recommends granting Defendant County of Hennepin, Minnesota's (Hennepin County) motion to dismiss Plaintiff Sulaiman M. Songa's complaint, (Dkt. 16), because the complaint fails to state a claim on which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6). For the reasons addressed below, the Court adopts the R&R as modified, grants Hennepin County's motion, and dismisses Songa's complaint without prejudice.

Hennepin County argues that Songa's complaint must be dismissed for lack of standing to bring this lawsuit in federal court. Because standing is a threshold requirement in every federal lawsuit, the Court addresses Hennepin County's standing argument before reaching the merits of Songa's complaint. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 455 (8th Cir. 2010).

Article III of the United States Constitution limits federal courts' subject-matter jurisdiction to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1; *accord Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012). To satisfy the requirements of standing, Songa's complaint must allege facts supporting a determination that (1) Songa has suffered an injury in fact, (2) there exists a causal relationship between Hennepin County's conduct and that injury, and (3) a favorable decision likely would provide redress. *See Lujan*, 504 U.S. at 560-61; *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). Songa fails to allege an injury in fact because he does not allege the violation of any legally cognizable right. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). Songa also fails to explain how this Court could redress any alleged injury he suffered. *See Brown*, 628 F.3d at 457.

In summary, even when construed liberally to account for Songa's pro se status, *see Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015), Songa's complaint fails to allege any grounds to confer standing for this case to proceed in federal court. Accordingly, Songa's complaint must be dismissed. *See Mineta*, 495 F.3d at 570.

Based on the R&R, the foregoing analysis, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The April 30, 2018 R&R, (Dkt. 27), is **ADOPTED AS MODIFIED**;

2. Defendant County of Hennepin, Minnesota's motion to dismiss, (Dkt. 16), is **GRANTED**; and

3. Plaintiff Sulaiman M. Songa's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 11, 2018                              s/Wilhelmina M. Wright
                                                  Wilhelmina M. Wright
                                                  United States District Judge